Sawtel *v.* Davis.

---

SAWTEL, *plaintiff in error,* *vs.* DAVIS.

The forms of militia returns, prescribed and furnished by the Adjutant General, pursuant to the act of Congress of 1792, *sec.* 6, are of the same binding force as if they were contained in the act itself.

The day on which the name of a person, coming to reside within the bounds of a militia company, is placed on the muster roll, should be entered in the proper column on the roll. And parol evidence is not admissible to supply the omission of such entry.

ERROR to reverse the judgment of a justice of the peace, rendered in action of the debt against the defendant, for neglect to appear properly armed and equipped, at the annual militia inspection.

It appeared, from the record sent up in the case, that the company to which the defendant belonged had never been furnished with a book of enrolment, nor was any offered in evidence. To show that the defendant was duly enrolled, the plaintiff, who was clerk of the company, offered a list of names, entitled " Company Roll," and certified by him on the back, as clerk, to be a correct roll of the company for the year 1826 ; and further offered parol evidence, to show that the name of the defendant had been entered on the list four days before the day of inspection ; and that the list was intended and had been used, for the purpose of registering the names of persons liable to do military duty, coming to reside within the limits of the company ; and that the " corrected roll," which was also pro-

Sawtel *v.* Davis.

duced, containing the name of the defendant, and his deficiency in equipments, was made by transferring the names from the list entitled the "company roll." And the plaintiff contended that the appearance of the defendant, at the training, cured any defects in the mode of enrolment. But the magistrate rejected the parol evidence, as inadmissible; and gave judgment for the defendant, for want of legal proof of his enrolment in the company. To which the plaintiff filed a bill of exceptions. The errors assigned were all founded on the rejection of the parol testimony.

*Allen,* for the plaintiff in error, contended that the magistrate ought to have admitted the roll, though it did not prove the whole case; and that parol proof was admissible to show the time when the name of the defendant was actually entered on the roll, it being the best, and indeed the only direct evidence of the fact. If the roll was not kept in the customary form, yet it was substantially good. The *Stat.* 1821. *ch.* 164. reciting the act of Congress, of 1792, *sec.* 6, which requires the Adjutant General to furnish blanks and forms to the militia, was directory merely, not absolving the captains from the duty of keeping a roll of their men, as required by other sections of the statute, nor releasing the men from the liability to do military duty.

*McGaw,* for the defendant in error.

MELLEN C. J. delivered the opinion of the Court.

By the record, which has been certified to us by the magistrate before whom the original action was tried, it appears that he rendered judgment in favor of the defendant; and upon inspection of the exceptions filed on the day of trial, and duly allowed, we are to determine whether there is error in the proceedings. The 6th *sect.* of the act of Congress which is recited by way of preamble to the act of *Maine,* *Stat.* 1821, *ch.* 164, declares that there shall be an Adjutant General appointed in each State, a part of whose duty it shall be " to furnish blank forms of different returns that may be required, and to explain the principles on which they should be made." The 12th *sect.* of said act declares it to be the duty of the captain or commanding offi-

cer of each company " to keep a fair and exact roll of the company, together with the state of the arms and equipments belonging to each man; which roll he shall annually revise in the month of *May*, and correct the same from time to time, as the state of, and alterations in the company may require." The section enumerates many other duties which he is directed to perform ; but, in the present case, it is not important to notice them. In the form furnished by the Adjutant General, as the form of a return of an enrolment, there is a column, designated as the one in which the time when any citizen shall be enrolled shall be entered ; and another column in which the time of a citizen's disenrolment shall be entered. So also in the form of the record of the roll, a column is provided, in which the " time of additional enrolments, made after the *Tuesday* following the second *Monday* of *September*," is to be inserted. The evident object of these provisions is to prevent all mistake or misrecollection, by preserving the evidence of facts in writing. These forms thus furnished are to be considered as binding as though they had been contained in the act itself; and it is the duty of all concerned to conform to them. By examination of the record before us, it appears that the plaintiff offered as evidence, a list of names called " Company Roll," certified by the clerk as a correct one, and on which was borne the defendant's name ; and offered parol evidence, to shew that his name had been recorded on the list, four days, at least, before the day of inspection ; and that the corrected roll of the company, which was produced with the name of the defendant thereon, was made by transferring to it the names found on the list. This parol evidence so offered, was rejected as inadmissible to prove an enrolment, and to this decision of the justice, the exception was filed. Why was this parol evidence necessary ? Because the clerk had omitted his duty by neglecting to record the day when the defendant was enrolled. By the document offered in evidence, it did not appear that he had been enrolled so long as to be liable to do military duty in the company ; and yet by law, the day of his enrolment should have been recorded, according to the form prescribed by the Adjutant General. A man is not permitted in a court of justice to take advantage of his own wrong or neglect of duty. Our opinion

is, that the parol evidence offered, was not admissible to prove a legal enrolment. The decision of the justice was given upon the offer to introduce the list or company roll, accompanied by parol testimony to show a fact as to the time of enrolment, which ought to have appeared in the appointed column. We think his decision was correct. There is no error in the record, and accordingly the judgment is affirmed with costs for defendant.